**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GUSTAVO YANEZ,** ) | **CIV F 03-5123 AWI TAG** |
| ) | |
| Plaintiff, ) | **AMENDED PRETRIAL** |
| ) | **ORDER** |
| ) | |
| v. ) | **Trial Confirmation and Motions** |
| ) | **In Limine Hearing:** |
| **CONNIE SELLERS; D.O. HELMICK,** ) | February 21, 2006 |
| **COMMISSIONER, CALIFORNIA** ) | 2:30 p.m., Courtroom 3 |
| **HIGHWAY PATROL; MACK** ) | |
| **WIMBISH, KERN COUNTY** ) | Trial: March 14, 2006 |
| **SHERIFF/CORONER; EDWARD R.** ) | 8:30 a.m., Courtroom 3 |
| **JAGELS, KERN COUNTY DISTRICT** ) | |
| **ATTORNEY, and Does 1 through 40,** ) | **RULES OF CONDUCT** |
| **inclusive,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

After vacating the prior trial date, pre-trial confirmation, and hearing on the motion in limines, the Court held a telephonic status conference on December 5, 2005, in order to set new trial related dates. In accordance with the telephonic conference, the trial in this matter is now set for March 14, 2006, and trial confirmation is set for February 21, 2006, at 2:30 p.m.

I.  Jurisdiction and Venue

Plaintiff brings this action under Title 42, United States Code, section 1983. Venue is in the Eastern District of California.

II. Jury Trial

Both parties have demanded a jury.

III. Facts

A. Undisputed Facts

Plaintiffs have submitted the following "undisputed facts":

Yanez was prosecuted for possession of drug proceeds and driving on a suspended license. Following a successful P.C. 1538.5 motion to suppress hearing, in which Seller's testified, plaintiff pled to driving on a suspended license and was sentenced to 30 days Sheriff's Work Alternative. The drug proceed related charges were dismissed by the Court for lack of evidence.

The plaintiff also fought a forfeiture proceeding seeking return of all monies taken from him. Plaintiff likewise prevailed during those proceedings and the monies were ultimately returned. Plaintiff has incurred substantial attorney's fees to defend against the criminal allegations and to challenge the forfeiture proceeding.

Defendants have submitted the following "undisputed facts":

On January 29, 2002, around 9:05 a.m., CHP Officer Connie Sellers was on patrol northbound on Interstate 5 when she observed a 1996 Chevrolet Suburban traveling southbound on I-5. Officer Sellers observed that the Suburban had illegally tinted windows in violation of Vehicle Code, section 26708. Officer Sellers made a u-turn through the center divide, activated her enforcement lights, positioned her care behind the Suburban and executed a traffic enforcement stop. Officer Sellers further observed that the Suburban had no rear license plate.

Officer Sellers approached the passenger side window of the vehicle and asked the driver for license, registration and proof of insurance. The driver produced a license identifying him as plaintiff Gustavo Yanez. Officer Sellers was able to observe that Yanez' wallet contained a large number of bills of unknown denominations. Officer Sellers also immediately noticed a strong scent of air freshener emitting from the vehicle. She visually observed one air freshener hanging

from the rearview mirror and another laying on the floorboard. Finally, Officer Sellers observed a cell phone with power cord laying on the center console between the front seats.

Yanez produced proof of insurance and a registration card issued to Mirella Nuno. Yanez claimed that Nuno was his wife and that they had just recently purchased the vehicle. Officer Sellers noted that there was a temporary operating permit taped to the front windshield.

Officer Sellers ran a license check and discovered that Yanez' license was suspended and that he had a history of convictions for driving while suspended. She also ran a check on the registration which revealed that there was no such record on file. At that point, Officer Sellers determined that she could not allow Yanez to drive the vehicle and she made the decision to impound the car. She issued a citation to Yanez for driving on a suspended license and for the illegally tinted windows. Officer Sellers called for a tow truck to impound the vehicle.

By that time, CHP Officer Hatfield had arrived to assist Officer Sellers. Officer Hatfield stood near the front passenger side of the vehicle with Yanez while Officer Sellers began a vehicle inventory in preparation for the impound. Office Hatfield was filling out the vehicle inventory form while Officer Sellers was calling out the items to be listed. During the course of her inventory, Officer Sellers found a red duffle bag behind the passenger's seat. Inside the bag, she found a package wrapped in Christmas paper. Officer Sellers removed the package from the duffle bag.

As she removed the package, Officer Sellers felt what she believed were bundles of money inside the package. Officer Sellers had encountered such packages on approximately 40 prior occasions involving drug trafficking. Pursuant to the CHP's vehicle inventory policy, Officer Sellers cut a small opening in the corner of the package to determine its contents. She observed a large number of bundles of money. At that point, Officer Sellers had Officer Hatfield arrest Yanez on suspicion of drug trafficking.

Pursuant to local law enforcement agreements, the CHP did not participate in drug trafficking investigations. Rather, that duty was assigned to the Kern County Sheriff's Department. Pursuant to the terms of the agreement, Officer Sellers stopped her inventory of the

vehicle and had dispatch notify Kern County Sheriff's Officers of the incident. She requested that Sheriff's Officers meet her at the CHP substation in Buttonwillow to take custody of Yanez and his vehicle.

The vehicle was driven by another CHP Officer to the substation where it was turned over to the Kern County Sheriff's Department. Sheriff's Officers conducted a search of the vehicle which included the use of a drug sniffing dog. The dog immediately jumped into the backseat of the Suburban and "hit" on the package indicating the presence of drug residues. The package contained over $49,500.00. Sheriff's Officers also discovered that Yanez had a loaded, concealed .25 semi-automatic handgun hidden under the center console of the vehicle. Sheriff's Officers also interviewed Officer Sellers regarding her observations and the reasons for her traffic stop and the subsequent discovery of the package.

Based upon all of the information then available, Deputy Sheriff Stevenson made the decision to take Yanez into custody on suspicion of drug trafficking. Sheriff's Officers took custody of Yanez and the vehicle. CHP Officers had no further involvement with Yanez or the investigation.

Yanez was subsequently charged and prosecuted by the Kern County District Attorney's Office for drug trafficking and other offenses. Ultimately, Yanez was able to have the evidence pertaining to the money suppressed, but pled guilty to the other offenses including driving on a suspended license and having illegally tinted windows. After evidence of the money was suppressed, the District Attorney's Office also made the decision to return the money to Yanez.

B. Disputed Facts

Plaintiff:

Amongst others, Plaintiff disputes Seller's claims that:

- She made a u-turn and Plaintiff over;
- She observed more than one air freshener;
- She smelled a strong odor of air freshener;
- She commenced an inventory search;

4

- She was assisted by another officer in conducting an inventory search;
- She had information regarding any "history" of license suspensions;
- The timing related to Officer Hatfield's arrival
- She could feel bundles of money through the wrapped box;
- Officer Seller's had encountered similar packages on 40 prior occasions;
- CHP does not participate in drug trafficking investigations;
- The drug sniffing dog "hit" on the package, and that it indicated the presence of drug residues;
- The District Attorney made the decision to return the money to Plaintiff.

Defendant:

According to Defendant, Plaintiff disputes that he was lawfully arrested on suspicion of drug trafficking. He contends that Officer Sellers never performed a vehicle inventory and instead performed a search of the vehicle for evidence, without probable cause, in violation of plaintiff's civil rights.

C.  Disputed Evidentiary Issues

Plaintiffs:

Amongst others, Plaintiff anticipates filing motions in limine to evidence pertaining to:
- Foundation objections to drug sniffing dog, testimony related to opinions or conclusions derived therefrom;
- expert testimony relating to CHP policies;
- Testimony of Deputy D.A. Stephen Katz
- Foundational and relevancy objections to evidence related to Plaintiff's character;
- Testimony related to matters no previously disclosed during discovery;

Defendant:

None at this time, although the parties anticipate filing motions in limine regarding the testimony of their respective experts. Defendants also anticipate filing a motion in limine to

preclude evidence consistent with Heck v. Humphrey, 512 U.S. 477 (1994).

    D.  Special Factual Information

        None at this time.

IV.  Relief Sought

Plaintiff:

    Plaintiff seeks general compensatory damages including, but not limited to, those associated with the conduct of Officer Sellers, the attorneys fees incurred to defend against the criminal prosecution and the forfeiture proceeding, as well as the costs and lost income associated with those actions, punitive damages, and costs and attorney's fees associated with this action.

Defendant:

    Defendant seeks a judgment, an award of costs and reasonable attorney's fees.

V.  Points of Law

    The pertinent legal arguments and authorities have been briefed by the parties pursuant to Officer Seller's motion for summary judgment.  In the interests of judicial economy, those points are not repeated herein.

VI.  Abandoned Issues

        None at this time.

VII.  Witnesses

    The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(10).

    A.  Plaintiff's Witnesses

    1.    CHP Officer Connie Sellers

    2.    CHP Lt. Doyle Green

3.     Kern County Sheriff's Deputy Robert Stevenson

4.     Kern County Sheriff's Deputy Kavin Brewer

5.     Kern County Sheriff's Deputy Sean Pratt

6.     CHP Dispatch

7.     Kern County Sheriff Dispatch

8.     Mirella Nuno Solis

9.     Gustavo Nuno Yanez

10.     Antonio Solis

11.     Enrique Solis

12.     Daniel Sullivan

13.     Jay Williams

14.     Ignacio De La Torre

15.     Cesar Pelayo

B.   Defendants' Witnesses

1.     CHP Officer Connie Sellers;

2.     CHP Officer Joshua Hatfield;

3.     CHP Officer Jerry Knight;

4.     CHP Sgt. Damaris Laureano;

5.     CHP Sgt. Steve Mills;

6.     CHP Lt. Doyle Green;

7.     Kern County Sheriff's Officer Robert Stevenson;

8.     Kern County Sheriff's Officer Sean Pratt;

9.     Kern County Sheriff's Officer Kavin Brewer;

10.     Kern County Deputy District Attorney Stephen Katz, and;

11.     Plaintiff Gustavo Yanez.

VIII. <u>Exhibits</u>

 The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(11).

 A. <u>Plaintiffs' Exhibits</u>

  1. Various documents related to business operations of Plaintiff's business;

  2. Various documents related to the business operations of Antonio Solis, Enrique Solis, Ceasar Pelayo, and Ignacio De La Torre;

  3. Police Reports

  4. Policy and procedure documents of CHP and Kern County Sheriff related to traffic enforcement and inventory searches;

  5. Dispatch logs from CHP and Kern county Sheriff related to the subject incident;

  6. Kern County Sheriff K-9 policies;

  7. Photographs of scene and vehicle taken by Sellers;

  8. Photographs of scene and vehicle taken by Plaintiff;

  9. Foundational Exhibits related to Expert Testimony;

  10. Box containing currency;

  11. Wrapping paper;

  12. Duffel Bag containing Box;

  13. Various Documents related to costs and damages incurred in defending criminal and forfeiture proceedings;

  14. Memorandum of Understanding regarding Inter-Agency Forfeiture proceedings.

 B. <u>Defendants' Exhibits</u>

 The police reports authored by the various law enforcement officers, including photographs, pertaining to the traffic stop and subsequent arrest of plaintiff.

IX.  Discovery Documents To Be Used At Trial (Answers To Interrogatories And Responses To Requests For Admissions

     Plaintiff:

        1.     Deposition transcripts from witnesses;

        2.     Transcript from P.C. 1538.5 proceeding in underlying criminal action;

        3.     Discovery responses from defendants.

     Defendant:   None at this time.

X.  Further Discovery or Motions

Plaintiff:

        1.     Plaintiff intends to seek to exclude admission of forfeiture action lack of responses to admissions of Enrique Solis and Antonio Solis;

        2.     Plaintiff intends to subpoena various documents for trial that have not been produced during discovery at this point; and

        3.     Plaintiff intends to file motions in limine related to evidence to be proffered by the parties.

Defendant:   None at this time.

XI.  Stipulations

     None at this time.

XII.  Amendments/Dismissals

Plaintiff:

     Plaintiff has voluntarily dismissed various parties.  At this time, Connie Sellers is the sole remaining named defendant.  Plaintiff's remaining claim is for violation of the Fourth Amendment of the U.S. Constitution related to unlawful search and seizure as provided by Title 42 U.S.C. § 1983, protecting Plaintiff's civil rights.

Defendants:   None.

XIV.  Agreed Statements

     None at this time.

XV.  Separate Trial Of Issues

      The parties do not request separate trial of issues..  However, as Plaintiff requests punitive damages, there will be a separate trial on the issue of punitive damages in this case.

XVI.  Impartial Experts - Limitation Of Experts

Plaintiffs:

      Only to the extent that plaintiff is seeking to limit expert testimony proffered by defendant related to opinions of law enforcement personnel regarding the procedures and the conduct of the K-9.

Defendant:   None anticipated at this time.

XVII.  Attorneys' Fees

Plaintiffs:

      Plaintiff would seek attorneys fees if he is a prevailing party by way of post-trial motion. Plaintiff also seeks damages in underlying action related to those incurred in criminal defense and forfeiture proceeding.

Defendant:   Defendant would seek the award of attorneys fees if she is a prevailing party.

XVIII.  Further Trial Preparation

      A.  Final Witness List

         The parties are ordered to file and serve their final list of witnesses by 12:00 p.m. (Noon) on March 9, 2006.  Additionally, at that time Plaintiff shall disclose the order of witnesses so that Defendant will be prepared for cross-examination.

      Except upon the showing set forth above in section VII, a party may not add witnesses to the final list of witnesses, or to any other updated witness list, who are not disclosed in this Order in Section VII.

      B. Trial Briefs

         The parties are directed to file and serve a Trial Brief by 4:00 p.m. on February 14, 2006. Local Rule 16-285.  The parties need not include in the Trial Brief any issue that is

adequately addressed in a motion in limine, or in an opposition brief to a motion in limine.  Any response to a Trial Brief shall be filed and served by 12:00 p.m. (Noon) on February 28, 2006.

### C.  Duty of Counsel to Pre-Mark Exhibits

The parties are ordered to confer no later than February 8, 2006, for purposes of pre-marking and examining each other's exhibits.  All joint exhibits must be pre-marked with numbers preceded by the designation JT/-- (e.g., JT/1, JT/2).  All of Plaintiffs' exhibits shall be pre-marked with numbers.  All of Defendants' exhibits shall be pre-marked with letters.

1. Counsel shall create four (4) complete, legible sets of exhibits in binders as follows:

   (a) Two sets of binders to be delivered to Courtroom Clerk Harold Nazaroff by 12:00 p.m. (Noon) on March 9, 2006, one for use by the Courtroom Clerk and the other for the court; and

   (b) One set for each counsel's own use.

If the parties desire, they may have a fifth set of binders to be used for the purposes of questioning witnesses.

2. Counsel are to confer and make the following determination with respect to each proposed exhibit to be introduced into evidence, and to prepare separate indexes - one listing joint exhibits, and one listing each party's separate exhibits:

   (a) Duplicate exhibits, i.e., documents which both sides desire to introduce into evidence, shall be marked as a joint exhibit, and numbered as directed above.  Joint exhibits shall be listed on a separate index, and shall be admitted into evidence on the motion of any party, without further foundation.

   (b) As to exhibits that are not jointly offered, and to which there is no objection to introduction, those exhibits will likewise be appropriately marked, e.g., Plaintiffs' Exhibit 1 or Defendants' Exhibit A, and shall  be listed in the offering party's index in a column entitled "Admitted In Evidence."  Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

(c) Those exhibits to which the only objection is a lack of foundation shall be marked appropriately, e.g., Plaintiffs' Exhibit 2 - For Identification, or Defendants' Exhibit B - For Identification, and indexed in a column entitled "Objection Foundation."

(d) Remaining exhibits as to which there are objections to admissibility not solely based on a lack of foundation shall likewise be marked appropriately, e.g., Plaintiffs' Exhibit 3 - For Identification or Defendants' Exhibit C - For Identification, and indexed in a third column entitled "Other Objection" on the offering party's index.

3. Each separate index shall consist of the exhibit number or letter, a brief description of the exhibit, and the three columns outlined above, as demonstrated in the example below:

INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

Two sets of the completed joint index and the separate indexes shall be delivered to the Courtroom Clerk with the two sets of binders.

The court has no objection to counsel using copies. However, the copies must be legible. If any document is offered into evidence that is partially illegible, the court may *sua sponte* exclude it from evidence.

D. Discovery Documents

By 12:00 p.m. (Noon) on March 9, 2006, each party shall file a list of all discovery documents the party intends to use at trial. The list shall indicate whether each discovery document has previously been lodged with the Clerk. If the discovery document has not been previously lodged, the party shall so lodge the document with the Courtroom Clerk by March 9, 2006.

E. Further or Supplemental Motions In Limine Hearing and Briefing Schedule

The hearing for further or supplemental motions in limine will be held on February 21, 2006, at 2:30 p.m. In addition to addressing any filed motions in limine, at that time the court will also settle, to the extent possible, any other matter pertaining to the conduct of the trial.

Counsel are expected to be fully cognizant of the legal issues involved in the case by the date of the hearing for motions in limine.

By 4:00 p.m. on January 23, 2006, all further or supplemental motions in limine, with supporting points and authorities, shall be filed and served either personally or by facsimile upon opposing counsel.

By 4:00 p.m. on February 6, 2006, opposition to any further or supplemental motion in limine shall be filed and served either personally or by facsimile upon opposing counsel. If a party does not oppose a motion in limine, that party shall file and serve in the same manner a Statement of Non-Opposition to that motion in limine.

By 4:00 p.m. on February 13, 2006, any reply to an opposition shall be filed and served either personally or by facsimile upon opposing counsel. Because the court will need time to prepare for the February 21, 2006 hearing, the court is not inclined to consider late reply briefs.

F. Morning Conferences During Trial

During the trial, it is the obligation of counsel to meet with the court each morning to advise the court and opposing counsel as to what documents are proposed to be put into evidence that have not previously been admitted by stipulation, court order, or otherwise ruled upon. The court will rule on those documents, to the extent possible, prior to the commencement of trial each day out of the presence of the jury. If the ruling depends upon the receipt of testimony, the court will rule as requested upon the receipt of such testimony.

The court shall consider any other legal matter at morning conferences as well. The court does not wish to recess the trial to hear legal argument outside of the presence of the jury, and proper preparation by counsel will eliminate the need for that result.

G. Order Of Witnesses

In order to make the trial operate efficiently and smoothly, each counsel has the continuing obligation to advise opposing counsel as to what witnesses he or she intends to call at each trial session.

H.  Voir Dire

The parties shall file proposed voir dire questions, if any, by 12:00 p.m. (Noon) on March 9, 2006.

Additionally, in order to aid the court in the proper voir dire examination of the prospective jurors, counsel are directed to lodge with the court on the first morning of trial a list of the prospective witnesses they expect to call, omitting any witness listed in this Pretrial Order whom the party no longer intend to call.  This list shall contain the names of the each witness, and the business and/or home address of each witness.

I.  Proposed Jury Instructions

The parties shall file proposed jury instructions by 12:00 p.m. (Noon) on March 9, 2006, along with a copy of the proposed instructions on a 3-1/2 inch computer disc, preferably formatted for WordPerfect 10.

All proposed jury instructions shall be in duplicate.  One set shall indicate the party proposing the instruction, with each instruction numbered or lettered, shall cite supporting authority, and shall include the customary "Given, Given as Modified, or Refused," showing the court's action with regard to each instruction.  The other set shall be an exact copy of the first set, but shall be a "clean" copy that does not contain the identification of the offering party, supporting authority, or reference to the court's disposition of the proposed instruction.

The parties are ordered to confer immediately after the February 21, 2006, hearing to determine which instructions they agree should be given.  As soon as possible thereafter, the parties shall submit a list of joint, unopposed instructions.  As to those instructions to which the parties dispute, the court will conduct its jury instruction conference during trial at a convenient time.

J.  Proposed Verdict Form

Each party shall file a proposed verdict form by 12:00 p.m. (Noon) on March 9, 2006.

K.  Use Of Videotapes

Any party wishing to use a videotape for any purpose during trial shall lodge a copy of the videotape with the Courtroom Clerk on March 9, 2006.  If a written transcript of audible words on the tape is available, the court requests that the transcript be lodged with the court, solely for the aid of the court.

L.  Use of Videotapes

If counsel intends to use a laptop computer for presentation of evidence, they shall contact the courtroom deputy clerk at least one week prior to trial.  The courtroom deputy clerk will then arrange a time for counsel to bring the laptop to the courtroom, and meet with a representative of the Information and Technology Department and receive a brief training session on how counsel's equipment interacts with the court's audio/visual equipment.  If counsel intends to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

M.  Agreed Summary Of The Case

The parties shall lodge with the Courtroom Clerk a joint agreed summary of the case, briefly outlining the positions of the parties by 12:00 p.m. (Noon) on March 9, 2006.  The summary will be read to the jury panel at the outset of the trial solely for the purposes of assisting in the jury selection process.  The contents of the summary shall not be deemed to be evidence or an admission or stipulation by a party as to any contested fact or issue.

XIX.  Objections to Pretrial Order

Any party may, within ten (10) calendar days after the date of service of this order, file and serve written objections to any of the provisions of this order.  Local Rule 16-283.  Such objection shall specify the requested corrections, additions or deletions.

XX.   COURTROOM THREE RULES OF CONDUCT DURING TRIAL

A.  General Rules

    1.  All participants in the trial shall conduct themselves in a civil manner.  There shall be no hostile interchanges between any of the participants.

    2.  All oral presentations shall be made from the podium, unless otherwise permitted by the court.

    3.  Sidebar conferences are discouraged.  Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

    4.  Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

B.  Jury Selection

    1.  The court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the court has concluded its questioning of the jury panel.  In some circumstances, the court may allow brief direct questioning by counsel.

C.  Opening Statements

    1.  Counsel may use visual aids in presenting the opening statement.  However, any proposed visual aids shall be shown to opposing counsel before opening statement.

D.  Case in Chief

    1.  Counsel shall have his/her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

    2.  At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

E. Witnesses

    1. Before approaching a witness, counsel shall secure leave of court to approach the witness.

    2. Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

F. Exhibits

    1. All exhibits shall be marked and identified in accordance with the instructions in the Pretrial Order.

    2. An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of court to publish the exhibit.

    3. The court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

G. Objections

    1. No speaking objections or arguments are permitted in the presence of the jury. Counsel shall state the specific legal ground(s) for the objection, and the court will rule based upon the ground(s) stated. The court will permit counsel to argue the matter at the next recess.

    2. The court will not assume that any objection made also implies with it a motion to strike an answer that has been given. Therefore, counsel who has made an objection, and who also wishes to have an answer stricken, shall also specifically move to strike the answer.

H. Closing Argument

    1. Counsel may use visual aids in presenting the closing argument. However, any proposed visual aids shall be shown to opposing counsel before closing argument.

<u>FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.</u>

<u>IT IS SO ORDERED.</u>

**Dated:     December 5, 2005**                    /s/ **Anthony W. Ishii**
0m8i78                                  UNITED STATES DISTRICT JUDGE